**In re Reginald JONES, Debtor.**

**No. 1–03–21741–dem.**

United States Bankruptcy Court,
E.D. New York.

Aug. 23, 2007.

Jonathan L. Flaxer, Golenbock Eiseman Assor Bell & Peskoe, New York, NY, for Chapter 7 Trustee Robert L. Geltzer.

Mark E. Bruh, Law Offices of Robert L. Geltzer, New York, NY, Lisa L. Lambert, Assistant United States Trustee, Office of the United States Trustee, Brooklyn, NY.

### DECISION ON APPLICATION FOR RECONSIDERATION

DENNIS E. MILTON, Bankruptcy Judge.

Before the Court is the motion of special counsel for the Chapter 7 Trustee for Reconsideration and Amendment of the Court's Decision and Order on the Trustee's Application for Final Compensation dated May 14, 2007 (the "Decision").

On September 9, 2003, Reginald Jones (the "debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The debtor is a retired individual. Robert L. Geltzer (the "trustee") was appointed interim trustee and thereafter qualified as a permanent chapter 7 trustee.

On or about April 5, 2007, the trustee filed the Final Report and Request for Commissions (the "Final Report"). According to the Final Report, on August 7, 2002, prior to filing his chapter 7 petition,

the debtor fell on the subway tracks of a Queens-bound "M" train at the Essex Street train station and sustained life altering and devastating injuries. He sustained a complete guillotine amputation of his left leg below the knee. The debtor required extensive hospitalization and his injuries are permanent. He was fitted with a prosthesis, which will require replacement on a regular basis. After the trustee rejected a pretrial settlement offer of $300,000.00, the case was tried to a jury verdict awarding $2,440,000.00 to the debtor. After the verdict, the case was settled for the sum of $2,200,000.00. Final Report at Exhibit A1.

In the Final Report, the trustee requested compensation in the amount of $50,708.71, the maximum amount allowed under Bankruptcy Code Section 326, compensation for his law firm for 22.4 hours of legal services at the blended hourly rate of $374.38 and reimbursement of expenses. The gross receipts of this estate were $1,402.924.34. Disbursements in the amount of $891,354.64 had been made and the balance on hand as of the Final Report was $511,569.71. On April 12, 2007, the United States Trustee filed a statement of no objection to the requested compensation or the reimbursement of expenses to the trustee or counsel for the trustee. On May 10, 2007, the Court conducted the Final Meeting of Creditors.

In the Decision, this Court awarded compensation and reimbursement as follows:

| APPLICANT | FEES AND COMMISSION | EXPENSES |
| --- | --- | --- |
| Robert L. Geltzer, Trustee | $8,460.99 | $ 74.38 |
| Law Offices of Robert L. Geltzer, Attorney for the Trustee | $7,586.00 | $121.05 |

On May 30, 2005, special counsel for the trustee filed a motion for Reconsideration and Amendment of the Order on Applica-

tion for Final Compensation (the "Application for Reconsideration"). On the hearing date, June 14, 2007, attorneys for the Office of the United States Trustee filed an untimely Response to the Application for Reconsideration. In its Response, the United States Trustee joined in the Application for Reconsideration and argued that the appropriate commission award for the trustee was the full commission requested, without any alteration or modification. On that originally scheduled hearing date, rather than reject the United States Trustee's submission as untimely, this Court adjourned the hearing.

On June 28, 2007, the Court conducted the hearing on the Application for Reconsideration, directed the Trustee to make all distributions to creditors except for the amount at issue and took the matter under advisement. For the reasons set forth below, the Court finds that none of the reasons for considering a motion for reconsideration are present and denies the Application for Reconsideration. However, in reviewing its calculation of the amount of the trustee's fee award in the Decision, this Court has adjusted the award to the trustee upward, as explained below, from $8,460.99 to $11,087.50.

### THE APPLICATION FOR RECONSIDERATION

A. The Arguments Contained in the Motion Papers and the Response of the United States Trustee

In the Application for Reconsideration, counsel for the trustee argued that the Court should reconsider its decision and award the trustee additional compensation because he was faced with a difficult question of whether to accept a pretrial settlement offer in a personal injury action and utilized his experience and judgment in directing the special personal injury counsel to take the case to the jury, which resulted in an extraordinarily positive result for the Debtor. Application for Reconsideration at 2. Counsel argued that "it was the Trustee's evaluation and decision-making that resulted in extraordinary result for the Estate's creditors and the Debtor." *Id.* at 15. Counsel contended that the compensation which the Court awarded the Trustee had the effect of compensating the Trustee at the same level as if he had agreed to settle the personal injury case for the lower pretrial settlement amount. *Id.* at 3.

In its submission, the Office of the United States Trustee, which did not oppose the Trustee's original request for compensation, took the additional affirmative position of joining in the trustee's Application for Reconsideration. As had counsel for the trustee, the United States Trustee argued that the trustee should be rewarded for being correct in his assessment that the pretrial settlement offer in the personal injury action was too low, as the trustee "was integrally involved in the negotiations and trial." Response in Support of Motion for Reconsideration at 5.

B. Hearing on the Application for Reconsideration

On June 28, 2007, the Court conducted a hearing on the Application for Reconsideration. The principal argument counsel for the Trustee and the Assistant United States Trustee advanced in their arguments for additional compensation to the Trustee was that the Trustee exercised judgment in rejecting the settlement offer avoided the temptation to take a smaller settlement amount. Transcript of Hearing of June 28, 2007 ("Tr.") at 7–8 and 22.

The Assistant United States Trustee also appeared to be concerned with the impact of a Decision which this had designated for publication. Tr. at 14, 19. The Assistant United States Trustee argued that the Decision, if unchanged, could pro-

vide a disincentive for a Trustee to reject a proposed settlement and instruct special personal injury counsel to proceed to trial in a given case. *Id.* at 19.

## C. Standard for a Motion to Reconsider

■ A court may reconsider an earlier decision when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Marrero Pichardo v. Ashcroft,* 374 F.3d 46,55 (2d Cir.2004)(*citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992))(Cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.")(*internal quotations and citation omitted*). In other words, to be entitled to reconsideration, the moving party "must demonstrate that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Adelphia Business Solutions, Inc.,* 2002 WL 31557665, *1 (Bankr.S.D.N.Y. October 15, 2002)(*internal citations and quotations omitted*). New facts, issues or arguments will not be considered. *In re Spiegel,* 2007 WL 1080190, *3 (Bankr.S.D.N.Y. April 4, 2007). *See also, In re Newberry,* 2007 WL 2247588, *1 (Bankr.D.Vt. August 2, 2007)("This Court will not grant a motion to reconsider where the moving party seeks solely to relitigate an issue already decided, to plug gaps in an original argument or to argue in the alternative once a decision has been made.")(*internal quotations and citation omitted*).

■ This Court finds that counsel for the trustee have failed to establish the presence of any of the reasons for consideration of a motion for reconsideration. There has been no intervening change in controlling law or new evidence available.

In addition, counsel is unable to point to any clear error or manifest injustice. The parties misread the Decision if, as it appears, they claim that this Court fixed the compensation of the trustee solely upon consideration of the trustee's hourly rate as an attorney and application of the lodestar factor. In the Decision, the Court noted that the "sole issue before the Court is whether the statutory maximum compensation requested under Bankruptcy Code Section 326(a) exceeds reasonable compensation for such services, as defined in Code Section 330(a)." Decision at 2. The Decision next reviewed the standards to be applied under Section 326 in an award of compensation to the trustee. *Id.* at 3. This Court then applied the provisions of Section 330 to the trustee's request for compensation and noted:

> Section 330 requires the Court to 'consider the nature, the extent and the value of such services' in determining the compensation to be awarded to a chapter 7 trustee. In applying this standard of measurement, the Court concludes that the trustee's services rendered in this case do not support an award of maximum compensation to the trustee.

*Id.* at 4. This Court next considered the circumstances of the case as it found the trustee's request for compensation in the amount of $50, 708.71 was excessive. *Ibid.* This Court noted that the sole asset of the estate are the proceeds from the debtor's personal injury action in the amount of $1,400,000.00. This Court found from a review of the trustee's time sheets that the trustee had spent approximately 19.5 hours in connection with general case administration, 2 hours corresponding with debtor's personal injury attorney regarding the status of the personal injury case and 1.1 hours reviewing the settlement order of the personal injury action and preparing disbursements to personal inju-

ry counsel. This Court found that none of these activities were unusual tasks for a trustee to perform and for that reason determined that granting the maximum amount of commission would be unreasonable. *Ibid.*

In setting a reasonable rate of compensation for the trustee, this Court then looked to cases where the trustee had, as in this case, also served s counsel to the trustee. This Court adopted the reasoning of those courts which have found the trustee's hourly rate as an attorney to be reasonable compensation for the trustee. *Id.* at 4–5. This Court found that "under the circumstances of this case, an award of trustee's fees equal to the total number of hours the trustee expended in administering the estate, multiplied by his hourly rate as an experienced, competent attorney meets Code Section 330(a)'s 'reasonable compensation' requirement." *Id.* at 5. This Court then applied the blended rate of counsel for the trustee to the trustee's hours to reach its determination of the amount of reasonable compensation for the trustee under Section 330 of the Code. *Ibid.*

█ Although not specifically requested to do so in the Application for Reconsideration, this Court shall adjust the compensation awarded the trustee. During the course of this case, the trustee's individual hourly rate appeared to be $400 per hour in 2004, $440.00 per hour in 2005, $495.00 per hour in 2006 and $535.00 per hour in 2007. According to the Final Report, the trustee spent the following time in the administration of this case

| Year | Hours |
|------|-------|
| 2003/04 | 2.2 |
| 2005 | 6.3 |
| 2006 | 2.7 |
| 2007 | 11.4 |
| Total | 22.6 |

Applying the above standard, the reasonable compensation for the trustee in this case is as follows:

| Year | Hours | Attorney Hourly Rate | Compensation |
|------|-------|----------------------|--------------|
| 2003/04 | 2.2 | $400.00 per hour | $ 880.00 |
| 2005 | 6.3 | $440.00 per hour | $ 2772.00 |
| 2006 | 2.7 | $495.00 per hour | $ 1336.50 |
| 2007 | 11.4 | $535.00 per hour | $ 6099.00 |
| | | Total: | $11087.50 |

The Court's award of compensation and reimbursement is as follows:

| APPLICANT | FEES AND COMMISSION | EXPENSES |
|-----------|---------------------|----------|
| Robert L. Geltzer, Trustee | $11,087.50 | $ 74.38 |
| Law Offices of Robert L. Geltzer, Attorney for the Trustee | $ 7,586.00 | $121.05 |

### CONCLUSION

For the reasons set forth below, the Court finds that none of the reasons for considering a motion for reconsideration are present and denies the Application for Reconsideration. However, in reviewing its calculation of the amount of the trustee's fee award, the Court has adjusted the award to the trustee upward, from $8,460.99 to $11,087.50.

IT IS SO ORDERED.